**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICK BLANKENSHIP,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    **CIV-07-173-R** |
| | ) |
| **LOUISIANA DEPARTMENT OF** | ) |
| **PUBLIC SAFETY AND** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
|     **Respondents.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered March 12, 2007 [Doc. No. 9] and Petitioner's Objections to the Report and Recommendation [Doc. No. 11] filed March 20, 2007. The Magistrate Judge recommended that the 28 U.S.C. § 2241 petition for a writ of habeas corpus be dismissed for failure to exhaust state court remedies. The Magistrate Judge pointed out that Louisiana courts allow a prisoner to challenge the validity of a parole violator warrant by a state court petition for a writ of habeas corpus against the Louisiana Board of Parole. Report and Recommendation at p. 4, *citing Mole v. Louisiana Board of Parole*, 637 S.2d 785, 786-87 (La. App. 1 Cir. 1994).

Petitioner objects to the Report and Recommendation because, he maintains, adoption of the Magistrate Judge's Report and Recommendation would effectively deny him needed discovery and access to the courts. In this regard, he points out that he has limited library resources available to him at the Federal Transfer Center where he is housed and, in

particular, no state law materials.  He states that he should not be forced to await extradition to Louisiana and to a facility with access to state materials to challenge the parole violator warrant and detainer because what he seeks to prevent herein is extradition and subsequent unlawful detention.  Moreover, he points out that that Louisiana officials and the Warden of the FTC have refused all efforts to obtain records of the underlying offense and maintains that as a result he does not even known and cannot ascertain in which Louisiana court he should file to seek relief.  Petitioner also asserts that requiring exhaustion of state court remedies prior to filing a § 2241 habeas action is not mandatory but discretionary and requests that the Court exercise its discretion to excuse exhaustion of state court remedies so that Petitioner can conduct discovery in this action to obtain the records he needs, including the name and location of the Louisiana court that sentenced him in the underlying action, so that he can challenge the parole violator warrant and detainer in state court.

The Tenth Circuit has held that a habeas petitioner in a 28 U.S.C. § 2241 action "is generally required to exhaust state remedies," *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000), and has strictly applied that requirement.  *See Pinkey v. Ortiz*, 2007 WL 96552 (10th Cir. Jan. 16, 2007) (No. 06-1268); *Farrell v. Franklin*, 2006 WL 3804593 (10th Cir. Dec. 28, 2006) (No. 06-6280).  The Tenth Circuit has never held that whether to require exhaustion of state court remedies prior to bringing a § 2241 habeas action is a matter within the discretion of the court.

With respect to Petitioner's first objection, it is not this court's role in a § 2241 habeas action to provide an inmate with access to a state court nor is a § 2241 action a vehicle to

obtain discovery for purposes of filing a state court action. However, the Magistrate Judge has in effect explained to Petitioner what state court remedy is available to him and how he may pursue it. Because Petitioner's claim is simply that his Louisiana state parole expired on or about June 19, 2002 and therefore that the parole violation warrant, which was not issued until July 3, 2002, is invalid, access to state law materials is unnecessary for Petitioner to pursue a writ of habeas corpus in Louisiana state courts.

Having reviewed the Report and Recommendation of the Magistrate Judge *de novo*, in light of Petitioner's Objections, the Report and Recommendation [Doc. No. 9] is ADOPTED in its entirety and the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice for failure to exhaust state court remedies.

**It is so ordered this 26th day of March, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE